**Bob Fain**
**Attorney at Law**
**P.O. Box 80886**
**Billings, Montana 59108-0886**
**(406) 254-2967**

**Michael Cotter**
**Attorney at Law**
**P.O. Box 1190**
**Helena, Montana 59624**
**(406) 449-8891**

Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **DAVID REED** ) | Cause No. CV08-34-M-DWM-JCL |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **MONTANA RAIL LINK, INC.,** ) | **COMPLAINT AND** |
| a Montana Corporation ) | **REQUEST FOR JURY TRIAL** |
| ) | |
| **Defendant.** ) | |
| ) | |

**COMES NOW** the Plaintiff, David Reed, by and through his attorneys, Bob Fain of Billings, Montana and Michael Cotter of Helena, Montana, and for his complaint against Defendant, Montana Rail Link, Inc., a Montana corporation (hereinafter sometimes referred to as MRL) alleges, avers and states:

*Complaint and Request for Jury Trial*                                                                                      Page  1

1. That at all times herein mentioned, Defendant was and is now a duly organized and existing Montana corporation doing business in the state of Montana and other states with its principle place of business in Missoula County.  The Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in the state of Montana and other states.

2. At all times herein mentioned, Defendant was a common carrier by railroad engaged in interstate commerce and Plaintiff was employed by Defendant and that part of the Plaintiff's duties as an employee were in the furtherance of or directly, or closely and substantially affected interstate commerce.

3. The injuries sustained by Plaintiff hereinafter complained of arose in the course of and while the Plaintiff was employed by the Defendant.

4. This action is brought under and by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C. §51, e*t seq.* and associated statutes, rules, and regulations. This Court has jurisdiction and venue is proper.

5. On or about August 25, 2007, Plaintiff was employed by Defendant, MRL as an engineer working in the Defendant's Laurel, Montana rail yard.

6. At such time and place the Defendant had a non-delegable duty to provide the Plaintiff and similarly situated employees with safe and sufficient walking and footing conditions adjacent to its switch tracks in its Laurel railroad yard so as to provide David Reed and similarly situated trainmen, engineers, and switchmen  with a safe place so as to allow the safe mount and dismount of equipment during switching operations in said yard as required in

their employment; that the Defendant railroad had the duty to inspect, maintain, and keep in safe condition its railroad yard including the travel-ways adjacent to its tracks, free of obstruction and debris; that the Defendant had a duty to provide safe tools and appliances to Plaintiff and similarly situated employees of the Defendant assigned to work in the dark portions of Defendant's yard lacking adequate and safe lighting given poor footing conditions in said yard as they frequently exist from time to time under the circumstances; that the Defendant had a duty to promulgate, adopt, implement, and enforce work policies and procedures including the adoption, implementation, and enforcement of a work policy and procedure requiring that all plastic water bottles be properly disposed of and with the caps of said bottles being discarded once any such plastic water container has been opened so as to allow for the friability of said bottles when improperly or inadvertently discarded in the work environment, consistent with the work practices in the industry and with other railroads working in interstate commerce; that the Defendant had a duty to police and keep free of debris and tripping hazards, its travel-ways used by its employees during switching operations in its Laurel yard particularly during the summer months when Defendant was making available water bottles for the employees personal use while on the job switching in the Laurel yard; that the Defendant had the duty to instruct its employees and associated staff in the proper disposition of capped water bottles, empty or full, providing proper places for disposition and storage of same in the workplace; that the defendant had the duty to promulgate, adopt, implement, and enforce safe switching policies, procedures, and manners of work, consistent with good railroad industry practice prohibiting the practice of mounting, and dismounting moving equipment during stitch operations;  and, that the Defendant otherwise owed the Plaintiff and similarly situated employees with a safe place to work.

7. At such time and place the Defendant was negligent in one or more of the particulars alleged and as a direct result thereof the Plaintiff was caused to fall as he moved to position himself to mount a cut of cars during switching operations, injuring his right shoulder and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his right shoulder and upper extremity and other injuries not presently diagnosed, pain and suffering as a result of the injuries; past and future. Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life due to the permanent nature of his injury and post-surgical shoulder conditions.

8. Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, hospitalization, and other medical costs as a result of his injuries. Plaintiff is informed and believes that he will require further medical care and treatment as a result of said injuries.

9. By reason of the facts herein above set forth and as a direct result thereof, as aforesaid, Plaintiff has sustained loss of wages, all to his damage.

10. By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

11. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

**WHEREFORE**, Plaintiff prays judgment against Defendant for general and special damages as may be hereafter ascertained, and for his costs of suit incurred herein, expert witness fees, interest on said damages as allowed by law, and such other relief as this Honorable Court

deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff demands a jury trial to hear all issued contained herein.

**DATED** this 11th day of March, 2008.

                        By: /s/BOB FAIN
                             Bob Fain
                             Attorney at Law

                             Michael Cotter
                             Attorney at Law

                             Counsel for Plaintiff